IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN R. SWEENEY | : |
| Plaintiff | : |
| v. | : Civil Action No. 2006-2252 (RJL) |
| J.D. LONG MASONRY, INC. | : |
| Defendant | : |

**ANSWER OF DEFENDANT J.D. LONG MASONRY, INC.
TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant J.D. Long Masonry, Inc. (hereinafter "J.D. Long"), by and through undersigned counsel, and for its Answer to the Plaintiff's Complaint, states as follows:

**FIRST DEFENSE**

For the individually numbered paragraphs below, which correspond to the numbered paragraphs of the Plaintiff's Complaint, J.D. Long states as follows:

1. Paragraph 1 of the Complaint cites jurisdiction to which no response is required.

2. J. D. Long is without sufficient information to admit or deny the allegations of paragraph 2.

3. Admit.

4. J. D. Long is without sufficient information to admit or deny the allegations of paragraph 4.

5. J. D. Long is without sufficient information to admit or deny the allegations of paragraph 5.

6. Admit.

57152.1

- 2 -

7. To the extent that a response is required to the prefatory language in paragraph 7, J.D. Long adopts and incorporates its Answers to paragraphs 1 through 6 as if set forth in their entirety.

8. J. D. Long is without sufficient information to admit or deny the allegations of paragraph 8.

9. J.D. Long admits that metal railings were reported to have dropped and struck the plaintiff. J.D. Long denies the remaining allegations of paragraph 9 and demands strict proof thereof.

10. Denied.

11. J.D. Long is without sufficient information to admit or deny the allegations of paragraph 11.

## COUNT I

### (Negligence)

12. To the extent that a response is required to the prefatory language in paragraph 12, J.D. Long adopts and incorporates its Answers to paragraphs 1 through 11 as if set forth in their entirety. J.D. Long denies all allegations remaining allegations of paragraph 12 (a) – (g).

13. Denied.

14. Denied.

## COUNT II

### (Negligent Supervision)

15. To the extent that a response is required to the prefatory language in paragraph 15, J.D. Long adopts and incorporates its Answers to paragraphs 1 through 14 as if set forth in their entirety. Paragraph 15 of the Complaint recites legal duties to which no response is required. To

the extent that a response is required, J.D. Long denies the allegations of paragraph 15 of the Complaint.

16. Denied, including subparts (a) – (b).

17. Denied.

18. Denied.

## COUNT III

### (Failure to Comply with the D.C. Industrial Safety Act and/or other Regulations/Statutes)

19. To the extent that a response is required to the prefatory language in paragraph 19, J.D. Long adopts and incorporates its Answers to paragraphs 1 through 18 as if set forth in their entirety. J.D. Long denies all remaining allegations of paragraph 19.

20. Paragraph 20 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, J.D. Long denies the allegations of paragraph 20 of the Complaint, and demands strict proof thereof.

21. Objection as to form as to which statute. Without waiving, J.D. Long denies all allegations of paragraph 21 (a) – (c).

22. Denied.

23. Denied.

## COUNT IV

### (Loss of Consortium)

24. (misnumbered as 19) To the extent that a response is required to the prefatory language in paragraph 24 (misnumbered as 19), J.D. Long adopts and incorporates its Answers to paragraphs 1 through 23 as if set forth in their entirety. J.D. Long denies all allegations remaining allegations of paragraph 24 (misnumbered as 19).

57152.1

J.D. Long denies all allegations of damages and demands strict proof thereof.

Any allegations not specifically responded to are hereby denied.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### THIRD DEFENSE

The claims set forth in the Complaint are or may be barred by the applicable statute of limitations.

### FOURTH DEFENSE

The injury and damage claimed by the plaintiff is the result of plaintiff's sole and/or contributory negligence.

### FIFTH DEFENSE

The injury and damage claimed by the plaintiff is the result of plaintiff's assumption of the risk.

### SIXTH DEFENSE

The injury and damage claimed by the plaintiff is the result of a condition that was open and obvious to the plaintiff.

### SEVENTH DEFENSE

The plaintiff had the last clear chance to avoid the injury and damage claimed.

### EIGHTH DEFENSE

The plaintiff's claims and causes of action are or may be barred by the doctrine of laches, estoppel and unclean hands.

57152.1

## NINETH DEFENSE

If plaintiff sustained damages as alleged, those damages were not caused or proximately caused by any acts and/or omissions of J.D. Long, its agents or employees.

## TENTH DEFENSE

The claims alleged in the Complaint are barred due to the negligence and/or the result of conduct, actions, commissions or omissions or liabilities of others, over whom J.D. Long is not responsible.

## ELEVENTH DEFENSE

Plaintiff has failed to mitigate his damages.

## TWELFTH DEFENSE

If plaintiff sustained any damages, there were superseding or intervening causes which led to the alleged injuries and damages and, as such, any act on the part of J.D. Long was not the proximate cause of plaintiff's alleged injuries or damages.

## THIRTEENTH DEFENSE

If plaintiff sustained any damages, such damages resulted from the actions or omissions of the plaintiff or another party and/or intermediary.

## FOURTEENTH DEFENSE

J.D. Long reserves the right to assert each and every additional defense, including affirmative defenses that may become available during the course of discovery.

## JURY TRIAL

J.D.Long requests trial by jury on all issues.

57152.1

WHEREFORE, J.D. Long specifically denies every allegation of wrongdoing, negligence, and liability to the extent set forth or implied in any Paragraph or Count of the Complaint. J.D. Long further denies that plaintiff is entitled to the judgment sought or to the amounts demanded in compensatory and punitive damages or costs. J.D. Long hereby respectfully requests that the Complaint be dismissed with prejudice and that the Court enter an award in J.D. Long's favor for attorneys' fees, costs and interest.

J.D. LONG MASONRY, INC.
By Counsel

WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP


s/Walter L. Williams
Walter L. Williams
Virginia Bar Number 39037
Counsel for Defendant J.D. Long Masonry Company
WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP
8444 Westpark Drive - Suite 510
McLean, Virginia 22102
(703) 245-9300 (telephone)
(703) 245-9301 (facsimile)
walter.williams@wilsonelser.com

Dated: January 5, 2007

57152.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this 5th day of January 2007, electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which will send notification of such filing to **Counsel for Plaintiff, William P. Lightfoot, Esquire**.

I have also mailed a copy of the foregoing to:

William P. Lightfoot, Esquire
Joseph H. Koonz, Jr., Esquire
KOONZ, MCKENNEY, JOHNSON,
   DEPAOLIS & LIGHTFOOT, P.C.
James Monroe Building
2001 Pennsylvania Avenue, N.W., Suite 450
Washington, D.C. 20006
202-659-5500
202-785-3719 (facsimile)
Counsel for Plaintiff


       s/ Walter L. Williams