IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOHN R. SWEENEY : | |
| Plaintiff : | |
| v. : | Civil Action No. 2006-2252 (RJL) |
| J.D. LONG MASONRY, INC. : | |
| Defendant : | |

## JOINT MEET AND CONFER REPORT

Defendant J.D. Long Masonry, Inc., and Plaintiff John R. Sweeney through counsel and pursuant to the Court's January 3, 2007 Case Management Order, hereby submit their joint meet and confer report.

    1.    No dispositive motions have been filed. Defendant intends to file a Motion for summary judgment in this matter. Plaintiff does not believe this may be resolved by Motions for summary judgment. Defendants believe that this case may be resolved by summary judgment.

    2.    No other parties are expected to be joined. The parties may amend pleadings and/or join other parties on or before June 20, 2007.

    3.    Plaintiff consents to assigning this case to a magistrate judge. Defendant does not consent to assigning this case to a magistrate judge.

    4.    The parties agree that there may be a realistic possibility of settling of the case.

66295.1

5. After considering the matters in LCvR 16.3(c)(5)(i)-(v), the parties believe ADR would not be useful at the present time. Additional time is needed to investigate and evaluate this case. If, in the future, the parties believe ADR would be useful, they will advise the Court and arrange for mediation.

6. Defendant contends this action may be resolved by summary judgment and intends to file such a motion. The deadline to file dispositive motions agreed on between the parties is December 15, 2007. In contrast, Plaintiff believes that there are material facts in dispute, and this matter is therefore not a candidate for resolution on summary judgment.

7. Plaintiff and Defendant contend that Rule 26(a)(1) disclosures are appropriate. The parties agree that initial disclosures shall be made within 20 days of the Rule 16 (b) Conference.

8. Plaintiff and Defendant intend to propound limited discovery to each other in accordance with the limitations imposed by the Federal Rules of Civil Procedure. Discovery should take no longer than 6 months. Plaintiff and Defendant contemplate that all discovery shall be completed by November 15, 2007.

9. Plaintiff and Defendant have contemplated the necessity of discovery of electronically stored information and believe that it will not apply to discovery requests and/or depositions in this matter.

10. Plaintiff and Defendant contend that the use of expert witnesses is appropriate, and the requirements detailed in Rule 26(a)(2) shall not be modified. Depositions of experts shall occur before the close of discovery.

11. The parties agree that bifurcation of this action is not appropriate at this time.

66295.1

12. The parties believe that dates for a final pretrial conference or trial should be deferred until after such time as motion(s) for summary judgment are decided.

Dated: _____, 2007

Respectfully submitted,

_____
Joseph H. Koonz, Jr., Esq. (D. C. Bar No. 127571)
Andrew Cohen, Esq. (D.C. Bar No. 441149)
KOONZ, MCKENNEY, JOHNSON,
   DEPAOLIS & LIGHTFOOT, P.C.
James Monroe Building
2001 Pennsylvania Avenue, N.W., Suite 450
Washington, D.C. 20006
202-659-5500
202-785-3719 (facsimile)
Counsel for Plaintiff


_____
Walter L. Williams, Esq. (D.C. Bar No. 455852)
WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER LLP
8444 Westpark Drive - Suite 510
McLean, Virginia 22102
(703) 245-9300 (telephone)
(703) 245-9301 (facsimile)
walter.williams@wilsonelser.com
Counsel for Defendant J.D. Long Masonry Company

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JOHN R. SWEENEY : | |
| Plaintiff : | |
| v. : | Civil Action No. 2006-2252 (RJL) |
| J.D. LONG MASONRY, INC. : | |
| Defendant : | |

**ATTACHED ONE-PAGE STATEMENT OF THE FACTS
AND STATUTORY BASIS FOR ALL CAUSES OF ACTION AND DEFENSES**

     This case arises out of a Complaint filed in the Superior Court for the District of Columbia on November 17, 2006. The Complaint alleges personal injury arising out of a construction site accident. The Complaint asserts four counts: negligence, negligent supervision, failure to comply with safety standards and regulations (specifically the D.C. Industrial Safety Act, D.C. Code § 32-808 and pertinent portions of OSHA regulations), and loss of consortium.

     The Complaint asserts that the plaintiff was an employee of The American Iron Works, Inc. ("AIW"), a subcontractor at the work site, and that on April 22, 2005 he was erecting angle irons. While engaged in his work, the plaintiff alleges that J.D. Long, by its employees, dropped "metal tubing used for scaffold safety rails" from the seventh floor to the second floor striking him twice on his right shoulder, head, neck and back. Plaintiff asserts that he sustained permanent injury to these areas, specifically including a right torn rotator cuff requiring reparative surgery. He seeks an ad damnum of $1 million dollars for each of the negligence and safety standards counts and $100,000.00 for loss of consortium. Plaintiff has demanded a jury trial.

     Based upon diversity jurisdiction, this case was removed to federal court, the U.S.D.C. for the District of Columbia. On January 5, 2007, J.D. Long filed an Answer denying all liability.

     The parties met and conferred pursuant to LCvR 16.3 on **May 30, 2007** and discussed the issues itemized in LCvR 16.3(c). The attached Meet and Confer report details the result of said meeting. Furthermore, in accordance with Rule 16.3(d), the Joint Discovery Plan and Proposed Scheduling Order memorializes the parties' scheduling intentions.

4