IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN R. SWEENEY<br><br>  Plaintiff<br><br>v.<br><br>J.D. LONG MASONRY, INC.<br><br>  Defendant | :<br>:<br>:<br>:<br>:  Civil Action No. 2006-2252 (RJL)<br>:<br>:<br>:<br>:<br>: |

**DEFENDANT J.D. LONG MASONRY, INC.'S**
**RULE 26(A)(1) INITIAL DISCLOSURES**

Defendant J.D. Long masonry, Inc. ("J.D. Long"), by counsel and pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and this Court's July 2, 2007 Order, hereby submit their initial disclosures based on information reasonably available to SBT at this time.

**Rule 26(a)(1)(A):**  The following are the names and, where known, the last known addresses and telephone numbers of individuals, other than parties, likely to have discoverable information as defined in the Rule:

1.   Mr. Paul Germaine
     708 Foxtail Circle
     Leesburg, VA 20176
     (703) 898-3466 (cell)

At the time of the events that give rise to his lawsuit, Mr. Germaine was the Superintendent for Smoot Construction, the General Contractor at the site. Mr. Germaine is expected to have knowledge of the plaintiff's job duties, the reason why plaintiff was engaged in the work he was doing at the time he was allegedly injured, and the extent of the plaintiff's injuries.

68718.1

2. **Mr. Doug Dunkin**
   C/O J.D. Long Masonry, Inc.
   8253-J Backlick Rd.
   Lorton, Virginia 22079

   Mr. Dunkin was the J.D. Long Foreman at the construction site where plaintiff's injury allegedly occurred. Mr. Germaine is expected to have knowledge of the work in which plaintiff was engaged at the time that he was allegedly injured, including the lack of plaintiff's authority to utilize the scaffold he was on at the time he was allegedly injured, the scaffold itself, the safety rail that plaintiff alleges fell and struck him, and the extent of the plaintiff's injuries.

3. **Various Employees of Smoot Lumber, J.D. Long, American Iron Works, Inc., and Other Subcontractors on the Worksite**
   **Current Identities Unknown**

   In addition to those individuals identified specifically by name above, there are a number of other individuals who were either at the site at the time the accident occurred, or over the next weeks, who may have knowledge of the alleged accident and the plaintiff's alleged injuries. It is expected that these individuals will be identified in documents to be subpoenaed from the General Contractor, American Iron Works, Inc. (plaintiff's employer), and other subcontractors who were working at the job site.

4. **Other Witnesses**

   J.D. Long also identifies all witnesses, whose names and last known addresses are already in the possession of Plaintiff's counsel.

   J.D. Long reserves the right to call any fact witnesses identified by the Plaintiff in his Rule 26(a)(1) Disclosures, any fact witnesses whose identity is made known during discovery, and a corporate representative of J.D. Long to testify as to any matters that are properly the subject of testimony on behalf of a corporate party.

**Rule 26(a)(1)(B):** J.D. Long will produce the non-privileged documents that are required by the Rule and that are within its possession, custody or control, including documents that J.D. Long intends to obtain via subpoena from third parties. The documents that will be produced include, but are not limited to, Daily Job site Reports (which are being produced to the plaintiff with the mail and fax service version of this document, and bear bates identification numbers J.D. Long 0001 through J.D. Long 0042), plaintiff's employment records, and plaintiff's medical records.

J.D. Long reserves the right to use for any purpose any documents identified by the Plaintiff in his Rule 26(a)(1) Disclosures, and documents that are made known during discovery.

J.D. Long also reserves the right to use for any purpose the following:

- Any pleadings and court-filings in this case
- Any written discovery and/or written responses served in this case
- Transcripts of any depositions taken in this case

**Rule 26(a)(1)(C):**   Not applicable.

**Rule 26(a)(1)(D):**   Information regarding liability insurance will be provided.

Respectfully submitted,

J.D. LONG MASONRY, INC.
By Counsel

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP

/s/ [signature]
Walter L. Williams, Esquire (VSB# 39037)
8444 Westpark Drive, Suite 510
McLean, Virginia 22102
(703) 245-9300 (telephone)
(703) 245-9301 (facsimile)

68718.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Defendant J.D. Long Masonry, Inc.'s Rule 26(A)(1) Initial Disclosures was served by fax and first class mail, postage prepaid, on this 9th day of July, 2007 to:

> Joseph H. Koonz, Jr., Esquire
> Andrew Cohen, Esquire
> KOONZ, MCKENNEY, JOHNSON, DEPAOLIS & LIGHTFOOT, P.C.
> James Monroe Building
> 2001 Pennsylvania Avenue, N.W., Suite 450
> Washington, D.C. 20006

/s/ *[signature]*
Walter L. Williams

68718.1